## AULDS v. SOUTHERN KRAFT CO.*

### No. 4477.

Court of Appeal of Louisiana.
Second Circuit.

June 5, 1933.

Madison, Madison & Fuller, of Bastrop, for appellant.

Todd & Todd, of Bastrop, for appellee.

DREW, Judge.

Plaintiff, an able-bodied man, was employed by defendant to work in its paper mill at Bastrop, La. He was working in the broken beater in the basement of the mill on December 9, 1931, when he was injured by a roll of paper, weighing about three hundred pounds, dropping from the floor about twelve feet above, striking the lower floor and bouncing and rolling about six feet, where it struck plaintiff, who was at the time working in a stooped position. The roll of paper struck him on the shoulder, neck, and side of the head, knocking him over and severely injuring him.

Plaintiff reported the accident immediately to his superior, who gave him an order to the company's physician. He was under the treatment of this doctor until February 10, 1932, when he was sent back to the mill, by the doctor, for light work. He attempted to work, although in pain, until February 26, 1932, when he was forced to quit work due to his shoulder becoming swollen and the pain too intense. He reported back to the company's doctor, who treated him until about April 10, 1932, when he was discharged.

Defendant paid him compensation from the date of the injury until February 10, 1932, and from February 26, 1932, until April 4, 1932, at the rate of $11.70 per week; and between February 10th and 26th, the time he was trying to work, he was paid his regular wages, although he was doing only light work.

After defendant ceased paying compensation, plaintiff filed this suit, alleging total permanent disability to perform manual labor of any reasonable character, and prayed for judgment for a period not exceeding 400 weeks.

There is no dispute here over the amount of weekly compensation for total disability. Both plaintiff and defendant agree that $11.70 per week is correct. It is admitted that

*Rehearing denied July 15, 1933.

he was injured in the course of his employment in an accident arising out of his employment, and defendant admits in supplemental answer that plaintiff is entitled to compensation for 50 per cent. disability to his right arm for a period of one year from the date of injury.

At the trial of the case below judgment was awarded plaintiff at the rate of $11.70 per week for a period not exceeding 200 weeks, less credits for payments already received by him, for the total permanent loss of use of an arm.

Defendant has appealed and plaintiff has answered the appeal praying that the amount be increased to a period not to exceed 400 weeks for total permanent disability to perform labor of any reasonable character.

The first question to determine is whether plaintiff's case comes under section 8, subsection 1 (d), paragraph 15, of the Workmen's Compensation Act of Louisiana (as amended by Act No. 242 of 1928), involving the permanent loss of function or use of a member, or under section 8, subsection 1 (b), as amended by Act No. 242 of 1928, involving injury producing permanent total disability to do work of any reasonable character.

The blow received by plaintiff did not directly affect the arm. He was not struck on the arm, but the blow struck him on the shoulder and neck and chipped off a piece of the clavicle, which had not been absorbed at the time of trial. The tip of the shoulder is markedly drooped, and the head of the humerus does not set properly into its socket, showing a subluxation of that joint. The sensitory nerves are affected in the neck, shoulder, chest, and upper arm. It was demonstrated that plaintiff could not feel a pin prick on these parts. There is evidence that some of the nerves in the neck, shoulder, and chest are injured.

He can use the lower arm from the elbow down when placing the elbow against his side. He has little use of the upper arm. He cannot place his hand on his head without great pain, and cannot put his hand on the small of his back. He cannot normally raise his hand or arm above a horizontal position. The pain caused by use of the arm is in his shoulder and not in his arm. The arm is only affected due to the injury to the shoulder and the other injuries heretofore enumerated. Therefore, the case is not governed by the section of the Compensation Act which deals with total or partial loss of use of a member. It is governed by the sections dealing with total or partial permanent disability to perform labor of any reasonable character.

The lay testimony preponderates to the effect that plaintiff is totally incapacitated to perform manual labor of any reasonable character, and likewise is the medical testimony. Three doctors for plaintiff testify that he is totally incapacitated to perform any manual labor. Three doctors for the defense say he can perform labor under pain. However, only one of them thinks it advisable. The testimony of the medical experts is clearly in favor of the fact that at the time of trial plaintiff was totally incapacitated to perform manual labor of any reasonable character within the intendment of the compensation act of Louisiana.

Three doctors think his condition is permanent; one thinks he will recover within a period of twelve to eighteen months; one thinks he will recover in six months; and one thinks he will recover in three months. The testimony is too conflicting as to time of recovery for us to fix a definite time, and therefore we can only award plaintiff compensation for a period not to exceed 400 weeks, and time only will tell when he is well again and his disability ceases, at which time defendant can protect itself and can have payments stopped upon proof properly made.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by increasing the period over which compensation is to be paid plaintiff from 200 weeks to a period not to exceed 400 weeks, and, as amended, the judgment of the lower court is affirmed.